UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

S. V.,

       Plaintiff,

  v.                                                          Case No. 10-C-919

KENNETH R. KRATZ,

       Defendant,
and

STATE OF WISCONSIN and PEERLESS
INDEMNITY INSURANCE COMPANY,

       Intervenor Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO INTERVENE, BIFURCATE AND STAY

      Peerless Indemnity Insurance Company has filed a motion to intervene in the above matter as a defendant in order to obtain a determination of whether it is obligated to defend and indemnify its insured, defendant Kenneth Kratz, against any potential liability he may have in this matter. Peerless also asks that the action be stayed and bifurcated so that it can obtain such a determination without incurring costs of defense. Peerless is currently providing Kratz's defense under a reservation of rights.

      Peerless' motion to intervene is unopposed and will be granted. There seems to be no reason why Peerless should not be able to obtain a determination of the coverage issue in the context of this lawsuit, and denying it's motion to intervene would simply result in forcing it to institute a separate action involving the same parties. The motion to stay and bifurcate, however, will be denied.

To stay the case so that Peerless can obtain a determination of coverage may unduly prejudice the plaintiff and the defendant in obtaining a prompt resolution of the matter. The case has been pending some time already, having been delayed in part by the defendant's voluntary bankruptcy. A trial date has currently been scheduled and the Court is reluctant to remove the case from the trial calendar given the length of time it has been pending.

In addition, for Peerless to fully protect itself, the stay would not only have to not only outlast proceedings concerning that issue in this Court, but continue throughout the potential appeal. To postpone the case for that long would seem to be clearly prejudicial to the plaintiff. The Court is aware of the procedure generally followed in the Wisconsin state courts and advocated by the Wisconsin Supreme Court in *Mowry v. Badger State Mut. Cas. Co.*, 129 Wis.2d 496, 528-29, 385 N.W. 2d 171 (1986). Ultimately, however, questions to stay and bifurcate are entrusted to the discretion of the trial court. Here I conclude that staying and bifurcating would unduly prejudice the plaintiff and not serve the interests of judicial economy.

Certainly, if Peerless promptly files a motion for summary judgment, the Court will move quickly to decide the motion upon completion of briefing. In addition, if there are factual issues to resolve at trial, the Court will include special verdict questions to the jury so as to ensure Peerless' interests at that stage are protected. However, the Court declines to stay this action and order a separate trial since doing so would unduly delay the plaintiff's case. Accordingly, the motion for intervention is **GRANTED**, but the motion to stay and bifurcate is **DENIED**.

**SO ORDERED** this   5th   day of November, 2012.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court