UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

S. V.,

        Plaintiff,

  v.                                                                 Case No. 10-C-919

KENNETH KRATZ,

        Defendant.

**DECISION AND ORDER**

Presently before me is the recently-filed summary judgment motion of intervenor-defendant Peerless Indemnity Insurance Company. Trial is scheduled for February 19, 2013. Peerless provided a homeowner's and umbrella policy to the Defendant, Kenneth Kratz, and now seeks a declaration that it has neither liability nor a duty to defend Kratz. For the reasons given below, the motion will be granted.

The facts giving rise to this action have been well-publicized and are set forth in this Court's decision dated December 12, 2011. (ECF No. 25.) For present purposes, it is enough to understand that Kratz, then the district attorney of Calumet County, sent a series of unwelcome text messages to a woman who was the victim in a domestic violence case Kratz was prosecuting. The texts, sent over a three-day period, had a flirtatious undertone to them, with some of them suggesting that the Plaintiff could improve her life by entering into a romantic relationship with an elected official like Kratz. Plaintiff, known here as S.V., reported the texts to the police and eventually filed this lawsuit

under § 1983. I concluded in the opinion referenced above that the complaint at least stated a claim under the Equal Protection Clause of the Constitution.

After a lengthy delay, Kratz eventually tendered a claim to his insurer, Peerless. Peerless provided counsel under a reservation of rights and now seeks summary judgment on the defense and coverage issues prior to trial. In short, it argues that the elements the Plaintiff must demonstrate are inconsistent with coverage under the policy, which contains exclusions for conduct that is intentional or discriminatory. In other words, in Peerless' view, there are no circumstances under which the Plaintiff could win and still trigger coverage under the policy.

Summary judgment is proper if the record, read in the light most favorable to the non-moving party, supports entry of judgment in favor of the moving party. Fed. R. Civ. P. 56. To determine whether Peerless has a duty to defend Kratz, a court would normally look to the four corners of the complaint to assess whether the allegations, if proven, would give rise to coverage. Here, the parties agree that we are somewhat past that initial stage. They agree that under *Sustache v. Am. Family Mut. Ins. Co.,* 2008 WI 87, 311 Wis.2d 548, 751 N.W.2d 845, 852 (Wis. 2008), when extrinsic evidence is provided in the context of a coverage determination, a court may look beyond the four corners of the complaint. As explained below, however, under either standard there are no allegations that would be covered under the applicable policies.

**I. Intentional or Discriminatory Acts**

Peerless first argues that its policies, like most policies, contain exclusions for intentional or discriminatory acts. Specifically, there is no coverage for injury that is "expected or intended" by the insured. (PFOF ¶ 16.) Similarly, there is no umbrella coverage for loss arising from the insured's intent to cause bodily injury (which includes personal injury). (PFOF ¶ 26.) This Court

2

has previously ruled that in order for S.V. to have a successful § 1983 claim, she must show that Kratz intended to sexually harass her. *See King v. Bd. of Regents of the Univ. of Wisc. Sys.*, 898 F.2d 533, 537-38 (7th Cir. 1990) (holding that sexual harassment as a violation of equal protection differs from sexual harassment under Title VII in that the defendant must intend to harass under equal protection but not under Title VII.) Thus, because the only successful equal protection claim is one that proves intent to harass, the policies' exclusions for intentional acts bar coverage. In other words, if Plaintiff would win, it would necessarily mean that Kratz' conduct was intentional and thus the exclusions would apply.

S.V. argues, however, that "intent" to harass is different than the kind of intent set forth in the policy exclusions. The exclusions do not discuss intent to harass but intent to cause "bodily injury." Since the genesis of Plaintiff's claim is the Equal Protection Clause, the kind of sexual harassment that rises to the level of a constitutional violation is harassment motivated by the victim's gender. The plaintiff in such a case must show that discrimination based on sex was at least a contributing factor to the activity. *Bohen v. City of East Chicago, Ind.,* 799 F.2d 1180, 1187 (7th Cir. 1986) ("It is a good defense . . . if the employer can show that the harassment suffered by the plaintiff was directed at the plaintiff because of factors personal to her and not because she is a woman.") The point is that there is more to an equal protection claim than simply intent to do harm or injury—there must be an intent also to treat the plaintiff differently because she is a woman. Because of this additional factor (vague though it may be), S.V. argues that the policies' exclusions based on intentional conduct are not broad enough to unconditionally cover the allegations of the complaint. In other words, Kratz could be found liable under the Equal Protection Clause for discriminatory harassment even if he did not possess the intent to cause bodily injury.

3

The most salient inquiry is whether a jury could return a verdict against Kratz without necessarily finding that he intended to cause injury. The injury at issue here would likely qualify as "personal injury" under the policies, which includes things like defamation, invasion of privacy, humiliation, and the like. (PFOF ¶ 22.) It is difficult to imagine a verdict that would find Kratz liable under § 1983 without also implicitly finding that he intended to cause such injury. As noted above, a verdict against Kratz would require a finding that he intended to discriminate on the basis of sex, i.e., that the victim's sex was a motivating factor in his harassment. Such a finding would seem to imply that Kratz's conduct was intentional and that he indeed intended to cause the injury that arose. Even so, it is conceivable that a jury could find the requisite discriminatory intent *without* finding that he intended to cause the kinds of injuries covered by the policies. Although it is unlikely that a jury would split legal hairs like this, I am not persuaded that a finding of § 1983 liability against Kratz would necessarily require a finding that he intended to cause the kinds of injuries that are covered by the policies. Accordingly, I cannot find for Peerless based on this argument alone. Even so, the above analysis is useful in demonstrating the contrast with the illegal discrimination exclusion found in Peerless' policies, as discussed immediately below.

**II. Illegal Discrimination**

In addition to the exclusions for intentional conduct, the policies also contain exclusions for acts founded in illegal discrimination. The homeowner's policy excludes coverage for personal injury that is caused by "discrimination that is prohibited by law." (PFOF ¶ 17.) Similarly, the umbrella policy excludes personal injury "arising out of . . . Discrimination prohibited by law." (PFOF ¶ 23.) Above I attempted to explain how the intentional act exclusion might not

*automatically* bar coverage. Here, by contrast, the exclusion, by its very nature, *does* bar coverage. A jury that finds that Kratz violated the Equal Protection Clause will necessarily have to find that he intended to discriminate against S.V. on the basis of her sex. Unlike the intentional acts exclusion discussed above, a verdict against Kratz would mean that the exclusion will always apply because there is no daylight between the exclusion's language and the requirement that he intended to discriminate.

S.V. apparently recognizes this. She argues, however, that even if the exclusions would apply to *personal* injury (e.g. humiliation, invasion of privacy, etc.), there is no similar exclusion for other forms of "bodily injury," such as "bodily harm, sickness or disease." She argues that she could prove such injury and thus the duty to defend would be triggered for the entire lawsuit, even if there would be no coverage for personal injury. But the allegations of the complaint clearly exclude any notion that she experienced bodily injury, which means "only injuries with some physical component." *Knapp v. Eagle Property Management Corp.,* 54 F.3d 1272, 1284 (7th Cir. 1995). The gist of the complaint is that S.V. felt intimidated by Kratz's text messages and viewed his advances as unwelcome and offensive. There is no suggestion that she experienced harm to her body or any kind of "sickness" or "disease" as a result of Kratz's advances. Tellingly, even now she does not advance any such theory. Instead, she simply suggests the vague possibility that such a claim might exist, but in reality such a claim is inconsistent with the allegations she actually does make. Thus, whether we are looking at the four corners of the complaint or at the evidence, there is no suggestion of coverage because the exclusion for personal injury applies and there is no hint of any other forms of injury.

5

**III. Conclusion**

The exclusion for discriminatory acts applies to a claim that requires the Plaintiff to show that the Defendant intentionally discriminated on the basis of sex. The arguments Kratz offers individually, over and above those offered by Plaintiff betray either a misunderstanding of insurance law, federal summary judgment procedure, or both, and will not be addressed further. Accordingly, because it is clear that there is no coverage, the insurer has no duty to defend or indemnify. Peerless' motion for summary judgment is therefore **GRANTED**.

**SO ORDERED** this   29th   day of January, 2013.

          s/ William C. Griesbach
          William C. Griesbach
          United States District Judge